Susan O. Hickey, Chief United States District Judge
Before the Court is Plaintiffs' Motion in Limine. ECF No. 65. Defendant has filed a response. ECF No. 68. The Court finds this matter ripe for consideration.
I. DISCUSSION
In the instant motion, Plaintiffs seek the exclusion of numerous categories of evidence. The Court will address each in turn.[1]
A. References to Plaintiffs' Prior Civil Lawsuits and Bankruptcies
Plaintiffs first seek exclusion of references to Plaintiffs' prior civil lawsuits or bankruptcies. Plaintiffs assert that references to other civil lawsuits and/or bankruptcies would only be used to portray Plaintiffs as bad characters and would be irrelevant to the central issues of this case. Plaintiffs argue that if such evidence were allowed, it would be unfairly prejudicial and would mislead and/or confuse the jury.
In response, Defendant states that it does not intend to discuss other civil lawsuits for the purposes of portraying Plaintiffs as litigious or "desperate for money." ECF No. 68, p. 2. However, Defendant argues that it "should be allowed to inquire about the bankruptcy or poor financial condition of any Plaintiff at the time they were notified of the suit, as a reasonable *795 juror could draw an inference of fabrication, especially in conjunction with evidence of no prior complaints (when finances were better) and no intention to pursue the case on their own." ECF No. 68, p. 2. However, Defendant states that should such evidence become relevant, defense counsel will first seek guidance from the Court outside of the hearing of the jury before proceeding.
Upon consideration, the Court agrees with Plaintiffs that, generally, as this case concerns alleged overtime violations, evidence concerning any other lawsuit, including bankruptcies, any Plaintiff has taken part in would be irrelevant. Likewise, in regard to Defendant's desire to reference a given plaintiff's past bankruptcy to infer that the present overtime claims are fabricated, the Court finds that any probative value of such evidence would be substantially outweighed by the danger of undue prejudice, confusing the issues, and misleading the jury. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
That being said, it appears that Defendant may wish to use prior sworn testimony of one or more Plaintiffs as a means of impeachment. To the extent that is the case, the Court will not prohibit such action at this time, but will address that issue when-and if-it is necessary to do so at trial. In the event either party wishes to introduce any evidence or elicit testimony that may be covered by the present ruling, counsel must first approach the bench.
B. Testimony, Evidence, or Argument of or About any Jailer Who is Not a Current Plaintiff in this Suit
Plaintiffs next seek exclusion of any testimony, evidence, or argument of or about any other jailer who is not currently part of the present suit. Plaintiffs contend that this case concerns what they "did during their employment and how many hours they worked" and, accordingly, references or evidence concerning other jailers not part of the case would be irrelevant and unduly prejudicial.
In response, Defendant appears to assert that it should be permitted to discuss the fact that out of "nearly 50 notices" sent out to Defendant's employees, only a small number chose to pursue recovery for alleged overtime violations. Defendant argues that the fact that a very small number of individuals sought to join in the present action speaks to Plaintiffs' credibility. Defendant states that Plaintiffs seek exclusion of such evidence because the jury could infer that Plaintiffs' "complaints are not shared by the other jailers because they are not accurate." ECF No. 68, p. 2. Defendant, likewise, asserts that the jury will infer that because multiple individuals are claiming that there were overtime violations, that there may have been. Accordingly, Defendant argues that it should be permitted to present argument regarding those individuals who do not seek recovery to counteract this inference.
Upon consideration, the Court agrees with Plaintiffs that, because this case concerns alleged overtime violations in regard to only Plaintiffs and the FLSA opt-in plaintiffs, evidence concerning any other jailers who are not a part of the present lawsuit would be irrelevant. Likewise, even if such evidence was relevant, its probative value would be substantially outweighed by a danger of undue prejudice. Accordingly, Plaintiff's request as to this issue should be and hereby is GRANTED .
C. References to Any Other Employment of Plaintiffs
Plaintiffs also seek the exclusion of references to any other employment held by *796 them, both before and after they worked for Defendant. Plaintiffs argue that evidence concerning their other employers is irrelevant and would waste time, confuse the issues, confuse the jury, and be unduly prejudicial if admitted.
In response, Defendant states that it does not intend to discuss Plaintiffs' prior or subsequent employment. Defendant further states that should such evidence become relevant, defense counsel will first seek guidance from the Court outside of the hearing of the jury.
Accordingly, Plaintiff's request as to this issue should be and hereby is GRANTED .
D. Evidence and Arguments that Plaintiffs Agreed to or Did Not Complain About Their Classification as Exempt or Overtime Hours Worked or that Plaintiffs Self-Identified as Exempt Employees
Plaintiffs further seek exclusion of evidence and arguments concerning whether they agreed to or failed to complain about the alleged overtime violations or that they identified themselves as being exempt from the controlling overtime laws. Plaintiffs argue that such evidence is not relevant to whether they were exempt from the relevant overtime law or actually worked compensable overtime hours. Likewise, Plaintiffs assert that such evidence would also be unfairly prejudicial, confuse the issues, and/or mislead the jury.
In response, Defendant states that it is not aware of any Plaintiff self-identifying himself or herself as "exempt," but states that at least one Plaintiff has testified "that she worked a job ... with the County that would, in all likelihood, qualify her for exemption." ECF No. 68, p. 3. Defendant asserts that this Plaintiff's prior sworn testimony is relevant, especially in light of Defendant's belief that this Plaintiff will testify about working in a different position. Accordingly, it appears that Defendant may refer to this Plaintiff's prior statements as a means of impeachment. Defendant further argues that Plaintiffs' failure to complain prior to this lawsuit about alleged overtime violations is relevant as to the questions of whether they worked compensable overtime or can prove that they did.
Upon consideration, the Court agrees with Plaintiffs. The overtime provisions of the FLSA are statutory and cannot be waived. See Reich v. Stewart , 121 F.3d 400, 407 (8th Cir. 1997). Accordingly, any evidence regarding an alleged waiver, lack of complaint, or self-identification as exempt from the overtime laws at issue is irrelevant as to whether they were actually exempt. Likewise, even if the same was relevant, the Court believes that any probative value would be substantially outweighed by the danger of undue prejudice, confusing the issues, and misleading the jury as to the issue of whether Plaintiffs actually were exempt. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
That being said, it appears that at least some portion of Defendant's defense will turn on whether at least one Plaintiff had job duties which made him or her exempt. Notwithstanding the present ruling, the Court will not bar evidence or testimony regarding such job duties at this time. Furthermore, to the extent Defendant may want to use any prior testimony for impeachment purposes, the Court will not prohibit such action at this time, but will address that issue when-and if-it is necessary to do so at trial. In the event either party wishes to introduce any evidence or elicit testimony that may be covered by the present ruling, they must first approach the bench.
*797 E. Allegations or Suggestions that Plaintiffs had a Duty to Record the Actual Hours They Worked or Compensatory Time Taken Off
Plaintiffs next argue that any questions concerning their failure to record their actual hours worked should be excluded. Plaintiffs assert that the FLSA requires employers to keep accurate records, but puts no such burden on employees. Plaintiffs concede that they "bear the burden of proving the extent of any uncompensated work, but may satisfy that burden by just and reasonable inference." ECF No. 66, p. 7 (internal quotation and citation omitted). Plaintiffs state that "[a]ll questions, evidence or references concerning why Plaintiffs did not accurately record their hours worked or compensatory time off are not relevant to the issues of this case and are highly prejudicial to Plaintiffs." ECF No. 66, p. 7. Plaintiffs further argue that allowing such evidence would likely confuse and/or mislead the jury as to which party has the record-keeping obligation, waste time, and cause unfair prejudice.
In response, Defendant states that it "will not assert, and has not asserted, that [Plaintiffs] had a duty to" record, in writing, the amount of their alleged overtime hours. However, Defendant asserts that it is entitled to ask whether Plaintiffs ever made such a record and confirm the lack of the same "in a cognizable area of potential corroboration." ECF No. 68, p. 4.
Upon consideration, and in light of the fact that Defendant does not intend to argue or otherwise assert that Plaintiffs had a duty to record their alleged overtime hours in writing, the Court finds that the instant request should be and hereby is GRANTED as to this specific issue. However, the Court finds Plaintiffs' argument that the Court should exclude any and all questions as to whether Plaintiffs recorded their alleged overtime hours unpersuasive. Although Defendant may not assert that Plaintiffs had a duty to record their hours, Defendant may ask questions regarding whether Plaintiffs made any record of their alleged hours or otherwise has additional evidence to support their claims.
F. References to Plaintiffs' Attorneys' Fees and Costs
Plaintiffs further argue that any reference or evidence regarding the potential award of attorneys' fees and costs would be unduly prejudicial and only cause jury confusion and should, therefore, be excluded. In response, Defendant states that it does not intend to discuss Plaintiffs' attorneys' fees and, should it wish to do so in light of matters raised at trial, it will first approach the bench to resolve any issues outside of the hearing of the jury. Accordingly, Plaintiff's request as to this issue should be and hereby is GRANTED .
G. References to Settlement Offers
Plaintiffs also move to exclude any reference or evidence concerning settlement offers and statements made in the course of settlement negotiations. In response, Defendant states that it does not intend to discuss settlement negotiations and, should it wish to do so in light of matters raised at trial, it will first approach the bench to resolve any issues outside of the hearing of the jury. Accordingly, the Court finds that Plaintiffs' request should be and hereby is GRANTED .
H. Suggestions or Allegations that Plaintiffs Were Bad at Their Jobs
Plaintiffs state that they "anticipate that Defendant may attempt to paint [them] as lazy, dishonest, or otherwise bad at their job[s]." ECF No. 66, p. 9. Plaintiffs assert that any such argument should be excluded as unfairly prejudicial and irrelevant.
*798 In response, Defendant states that it does not intend to offer evidence or otherwise discuss Plaintiffs' bad behavior or job performance "except to the extent that such proof informs credibility." ECF No. 68, p. 5. Defendant states that such evidence would be permissible "where an employee is fired for bad behavior [or] poor job performance and subsequently sues his employer for non-payment of overtime (about which he never complained while employed)" as "the jury [could] draw a permissible inference as to [that employee's] credibility." ECF No. 68, p. 5. Defendant appears to contend that the present controversy is such a case.
Upon consideration, the Court notes that Plaintiffs appear to seek exclusion of arguments pertaining to whether they were satisfactory employees as a means of disparaging their character. In contrast, Defendant seems to seek the use of evidence concerning job performance and Plaintiffs' behavior as employees as a means of attacking the veracity of their claims. Although somewhat related, these are two separate issues. Upon consideration, the Court finds that Plaintiffs' request should be and hereby is GRANTED insofar as it seeks to bar impermissible character evidence as contemplated by the Federal Rules of Evidence. However, Defendant may offer admissible evidence regarding Plaintiffs' job performance and behavior as employees, but must first approach the bench before doing so to resolve any evidentiary objections outside of the hearing of the jury.
I. Suggestions or Allegations as to the Reasons Plaintiffs Did Not Call Certain Witnesses to Testify
Plaintiffs also move the Court to exclude any reference or suggestion as to the reason they failed to call a given person to testify or any reference or suggestion that would call for speculation as to why a person was not called to testify. Plaintiffs assert that such commentary would be irrelevant, unduly prejudicial, and potentially mislead and confuse the jury. In response, Defendant states that it does not intend to discuss specific witnesses that were not called, and that if evidence of the same becomes relevant defense counsel will first approach the bench for guidance outside of the hearing of the jury.[2]
Accordingly, Plaintiff's request as to this issue should be and hereby is GRANTED .
J. References to Plaintiffs' Past Criminal Convictions
Plaintiffs next move for the exclusion of any reference to their past criminal convictions, asserting that their criminal records are irrelevant and that admission of them would be unduly prejudicial and would potentially mislead the jury or cause confusion. In response, Defendant asserts that Federal Rule of Evidence 609 governs this issue and that it will comply with Rule 609 and notify the Court and opposing counsel outside of the hearing of the jury before proceedings with any proof concerning past criminal convictions.
Upon consideration, the Court notes that Plaintiff does not reference any particular conviction or otherwise explain why reference to any specific conviction should be barred. Further, the Court is mindful that Rule 609 allows impeachment by evidence of a criminal conviction in certain instances. The Court is without sufficient knowledge to make an informed decision on the issue at this time based on the *799 present briefing and, accordingly, Plaintiff's request as to this issue should be and hereby is DENIED WITHOUT PREJUDICE . That being said, should any party wish to discuss a Plaintiff's prior convictions, they shall first approach the bench to resolve any objections.
K. Reference to Whether Plaintiffs' Pay was "Fair"
Plaintiffs also seek to exclude "any suggestions, allegations, evidence, and arguments by Defendant regarding whether [Plaintiffs'] pay [and/or classification as exempt from the FLSA overtime provisions] was 'fair,' 'reasonable,' or otherwise sufficient in the abstract, as opposed to whether [Plaintiffs'] pay [and/or classification] was lawful." ECF No. 66, p. 10. Plaintiffs assert that any such evidence should be excluded as irrelevant and that, if admitted, it would likely mislead the jury. Defendant has responded but offers no specific counter-argument.
Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
L. Reference to Potential "Impact" of Jury Decision
Plaintiffs assert that "any suggestions, allegations, evidence, and arguments by Defendant regarding the impact or possible negative side-effects of a jury decision in favor of Plaintiffs on Defendant, governmental entities or law enforcement in general" should be excluded. ECF No. 66, p. 11. Plaintiffs argue that any such evidence is irrelevant and, if admitted, would likely mislead the jury. In response, Defendant states that it does not intend to discuss any "impact" of the jury's decision, and that if evidence of the same becomes relevant defense counsel will first approach the bench for guidance outside of the hearing of the jury.
Accordingly, the Court finds that the request as to this issue should be and hereby is GRANTED.
M. References to Plaintiffs' Employment by Defendant Outside the Relevant Time Period
Plaintiffs further seek to exclude any evidence regarding their work history with Defendant prior to the time period at issue in this case. Plaintiffs assert that pursuant to the applicable statute of limitations, any questions concerning their employment outside of the limitations period would be irrelevant and, if admitted, confuse and mislead the jury and be unfairly prejudicial.
In response, Defendant asserts that Plaintiff Rasberry worked for Defendant for approximately 15 years, "during which time she never complained in any form to the County, its Sheriff, or its County Clerk (the payroll administrator) about her pay." ECF No. 68, p. 6. Defendant argues that this fact is highly relevant, as "few employees (if any) would put up with nonpayment or underpayment of earned wages for that length of time." ECF No. 68, p. 6. Accordingly, Defendant argues that this fact goes against Plaintiffs' position, but that does not make it inadmissible.
Upon consideration, the Court is not fully persuaded by Plaintiffs' argument, noting that the arguments offered are largely conclusory. Although claims beyond the statute of limitations may be barred, the Court is not convinced that all discussion of any Plaintiffs' prior employment with Defendant would be irrelevant, unduly prejudicial, or confusing and/or misleading to the jury. Accordingly, Plaintiffs' request should be and hereby is DENIED WITHOUT PREJUDICE as to this issue at this time. That being said, should any party wish to discuss this issue at *800 trial, they shall first approach the bench to resolve any objections.
N. References to Plaintiffs' Termination and Disciplinary Actions Unrelated to the Present Claims
Plaintiffs also "ask the Court to exclude any and all references to the termination of employment and/or disciplinary actions of any Plaintiffs that are unrelated to the wage and hour claims at issue in this trial." ECF No. 66, p. 12. Plaintiffs contend that such evidence is irrelevant and would only serve to cause jury confusion. In response, Defendant argues that evidence concerning Plaintiffs' termination and disciplinary actions taken against them would tend to show that they "were disgruntled former employees [and] goes to their credibility and is ... highly relevant." ECF No. 68, p. 7.
Upon consideration, the Court notes that Plaintiffs speak generally of "write ups" and documents regarding termination but do not discuss any specific piece of evidence or specific information. Accordingly, the Court cannot make a meaningful ruling on this issue at the present time. Therefore, Plaintiff's request as to this issue should be and hereby is DENIED WITHOUT PREJUDICE at this time. That being said, should any party wish to discuss this matter at trial, they shall first approach the bench to resolve any objections outside of the hearing of the jury.
O. References to the Amount of Plaintiffs' Salaries
Plaintiffs next assert that evidence relating to their salaries should be excluded because it is irrelevant. Plaintiffs contend that "[i]t is undisputed that Defendant compensated Plaintiffs with salaries sufficient to satisfy the salary basis test of the subject FLSA exemptions" and, accordingly, "[t]he adequacy of their salaries will therefore not be an issue for the jury." ECF No. 66, p. 13. Plaintiffs, likewise, assert that any evidence or reference to their salaries would be unduly prejudicial and would confuse the jury. In response, Defendant states that it "accepts the Plaintiffs' proposed stipulation that '[i]t is undisputed that Defendant compensated Plaintiffs with salaries sufficient to satisfy the salary basis test of the subject FLSA exemptions,' " but argues that "the jury is entitled to know what salaries the Plaintiffs received in order to determine what amounts they are owed." ECF No. 68, p. 7.
Upon consideration, the Court notes that Defendant's opposition appears to be based on the contention that the jury should be tasked with calculating the final amount of damages, if any, in this case, which would require knowledge of a given Plaintiff's salary.[3] Accordingly, it appears that Plaintiffs' salaries may only become relevant upon a finding of a violation of the controlling overtime law. Thus, the Court cannot say that Plaintiffs' respective salaries are irrelevant at this time. Moreover, the Court is not convinced by Plaintiffs' argument that any evidence relating to salaries or mention of their salaries would be unduly prejudicial or confusing. Therefore, the Court finds that Plaintiffs' request as to this issue should be and hereby is DENIED.
P. References to Other Lawsuits
Plaintiffs also ask the Court to exclude "any suggestions, allegations, evidence, and arguments by Defendant regarding the negative impact of lawsuits generally, attorney-driven lawsuits, or other lawsuits filed by Plaintiffs' counsel on behalf of Plaintiffs or other clients." ECF No. 66, pp. 13-14. Plaintiffs argue that such evidence *801 would be irrelevant and, if admitted, would confuse the jury and be unduly prejudicial.
In response, Defendant asserts that it does not intend to discuss "negative references about lawsuit culture, but may comment (unless ordered otherwise) about why our litigious culture supports the Defendant's case." ECF No. 68, p. 7. Defendant further states that it intends to discuss Plaintiffs' "individual introductions into this case (i.e., response to notice from counsel) as it goes to credibility and is highly relevant." ECF No. 68, p. 7.
Upon consideration, the Court finds that this subject is irrelevant to the present controversy. Moreover, even if it was relevant, any probative value of evidence concerning this issue would be substantially outweighed by the danger of confusion of the issues and undue prejudice. Likewise, the Court fails to see how a broader litigious culture or Plaintiffs' "introductions into this case" would be relevant. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
Q. References to How Plaintiffs Learned of and Joined the Lawsuit
Plaintiffs next move the Court to exclude any reference to or evidence of "Plaintiffs' experiences concerning how they learned of and joined this lawsuit, including but not limited to any discussion of hearing about the lawsuit and contacting a lawyer." ECF No. 66, p. 15. Plaintiffs assert that such information would be irrelevant and, if allowed, would waste time, mislead the jury, and be unfairly prejudicial.
In response, Defendant argues that information about how Plaintiffs learned of and joined the present lawsuit should be allowed, as it goes to their credibility. Defendant contends that a jury could infer that Plaintiffs fabricated the allegations under the present facts.
Upon consideration, the Court agrees that any reference to or evidence regarding how Plaintiffs learned of and joined the present lawsuit would be irrelevant. Moreover, even if such evidence were relevant, any probative value would be substantially outweighed by the danger of wasting time, misleading the jury, and unfair prejudice. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
R. References to Liquidated Damages
Plaintiffs also move the Court to exclude any evidence or arguments relating to a liquidated damages award under the FLSA. Plaintiffs assert that the issue of whether to award liquidated damages is for the Court to decide and is therefore irrelevant in regard to the jury's duty. In response, Defendant states that it does not intend to inquire about liquidated damages during trial. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
S. Arguments that Plaintiffs Received Agreed-upon Pay
Plaintiffs "ask that the Court exclude any suggestions, allegations, evidence, and arguments that Plaintiffs have been paid everything to which they are entitled under their respective offer of employment with Defendant or that Plaintiffs are otherwise 'greedy' or seeking more than they 'deserve' or agreed to." ECF No. 66, p. 16. Plaintiffs assert that such argument would be irrelevant and mislead the jury. In response, Defendant asserts that "[t]he fact that the Plaintiffs received the pay they agreed upon and were entitled to, as *802 evinced by the lack of complaints from them or their dozens of co-workers, goes to their credibility in this case" and should, therefore, not be barred.
Upon consideration, the Court agrees that discussion as to whether Plaintiffs received any agreed-upon pay would be irrelevant and misleading, as the provisions of the FLSA govern the instant matter-not any private agreement between Defendant and any given employee. Accordingly, Plaintiffs' request as to this issue should be and hereby is GRANTED .
T. Evidence Regarding Any Plaintiffs' Application for or Receipt of Government Benefits
Plaintiffs, likewise, move for the exclusion of evidence or argument regarding their application for or receipt of government benefits. Plaintiffs assert that such evidence or argument would be irrelevant, and, if admitted, would mislead and confuse the jury and be unfairly prejudicial. In response, Defendant states that it does not intend to discuss this issue at trial but will seek the Court's guidance outside of the jury's hearing if events and evidence at trial change that intention. Accordingly, Plaintiffs' request as to this issue is GRANTED .
U. Whether the Jury's Deliberations Should Include a Determination of the Mathematical Computation of Damages
In the instant motion, Plaintiffs likewise request an order limiting the jury's deliberations on the issue of damages to the average weekly hour estimates for Plaintiffs only. Plaintiffs state that it is their position that "the jury should determine the number of hours worked by Plaintiffs based on Plaintiffs' good faith estimates, and that this number should be used later, after the verdict, in an agreed upon equation to determine the precise dollar award." ECF No. 66, pp. 14-15. Plaintiffs state that they "seek to exclude from jury consideration facts including but not limited to Plaintiffs' dates of employment, the number of eligible weeks Plaintiffs worked, Plaintiffs' regular rate of pay, the applicable overtime rate, and specific computations of monies owed." ECF No. 66, p. 15. Plaintiffs assert that these issues are issues of law, or undisputed issues of fact, that would best be determined by the Court or by stipulation. Plaintiffs, likewise, assert that entrusting such determinations to the jury would only lead to prejudice and confusion and unduly burden the jury with "tasks, including mathematical computations, beyond what they have been charged to consider." ECF No. 66, p. 15. In response, Defendant asserts that the jury should decide this issue.
Upon consideration, the Court notes that this is not so much an evidentiary issue as an issue of how the jury should be instructed. The parties have submitted proposed jury instructions and objections to each other's proposed instructions. Accordingly, the Court will address this issue in formulating final jury instructions. Therefore, this request should be and hereby is DENIED at this time, subject to the Court's determination of final jury instructions.
II. CONCLUSION
For the foregoing reasons, the Court finds that Plaintiffs' Motion in Limine (ECF No. 65) should be and hereby is GRANTED IN PART and DENIED IN PART as outlined above.
IT IS SO ORDERED , this 4th day of April, 2019.

The Court notes that the categories of the requested exclusions differ slightly between Plaintiffs' Motion in Limine (ECF No. 65) and the Brief in Support (ECF No. 66). The present order will follow the organization of the Brief in Support in light of the fact that the Brief in Support presented Plaintiffs' substantive arguments.

Defendant further states that it intends to discuss the fact that "nearly 50 of the Plaintiffs' co-workers chose not to join this suit[.]" ECF No. 68, p. 5. The Court has already addressed this issue. See supra § B.

Defendant has made a similar objection to Plaintiffs' proposed jury instructions.